UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES | * | DOCKET NO. 11CR5 (SLT) |
| v. | * | |
| VITO CORTESIANO | * | DECEMBER 28TH, 2011 |

**MOTION TO STRIKE ALIAS WITH INCORPORATED MEMORANDUM OF LAW**

NOW INTO COURT, through undersigned counsel, comes the defendant in the above-captioned matter who moves this Honorable Court to Strike the alias "Vito Love" from the Superseding Indictment in both the caption and charges prior to it's reading and presentment to the jury:

FACTS

1.

Mr. Cortesiano has been charged in Count One in the above captioned matter, along with all of his codefendants as well as unnamed "others…employed by and associated with the Gambino crime family" with being a member of a Conspiracy to violate Title 18, United States Code, §1962(c) by conducting and participating, directly and indirectly, in the conduct of the affairs of this alleged "Gambino crime family" through a pattern of racketeering activity as defined in Title 18, United States Code, §1961(1) and 1961(5).  (The current state of the charges is represented via a Superseding Indictment).  However, the scheme allegedly involves many more unindicted co-conspirators and/or cooperators that are not named.

2.

Undersigned counsel has received an initial and rather voluminous response to discovery.  It is apparent from the Indictment and from the discovery that the counts essentially allege that my client participated in this racketeering conspiracy before he was

even born up to January of 2011.  Furthermore, it is the understanding of undersigned counsel from reviewing the discovery and clearly from the indictment that several of acts of racketeering allegedly committed by his codefendants have no connection to him at all and date from the time he was a tot.  In addition, many unindicted and/or convicted cooperators will be witnesses as to these acts.

3.

Many of the alleged acts of racketeering have no nexus in time, place or even persons and thus bear little relation to one another and in the vast majority of this discovery; Mr. Cortesiano is not mentioned or even heard on the surveillance of this organization.

4.

One can only assume the government feels the name "Vito Love" is identifying in nature. However, as to those co-defendants who know my client and are alleged to have had dealings with him that may be reflected in a few telephone calls or in the form of live testimony from cooperators and informants (which is where they have indicated to me the evidence as to Mr. Cortesiano will come from), his identity is not a serious issue. Undersigned believes that those same few who both know and will allege to have had dealings with my client are well aware of who he is and can identify him by name and in court.  The issue will thus not be identity, but rather whether he committed any of these acts and whether purchased testimony can be trusted.

LAW AND ARGUMENT

5.

On Motion of the accused, under Federal Rule of Criminal Procedure 7(d), "…the court may strike surplusage from the indictment or information."  A trial court has wide discretion in granting a Motion to Strike allegedly prejudicial surplusage from an indictment. See <u>United States v. Courtney</u>, 257 F.2d 944 (2nd Cir. 1958).

6.

Circuits that have ruled specifically on the issue of aliases as surplusage have different standards and interpretations of the law. The 3rd Circuit has generally held that an alias may be stricken from an indictment if it does not serve a useful purpose, such as identifying the accused or protecting him from double jeopardy. See <u>United States v. Beedle</u>, 463 F.2d 721 at 725 (3rd Cir. 1972). Seemingly consistent, though phrased differently, the 4th Circuit holds that the inclusion of an alias is permitted when there is an issue as to the accused's identity. See <u>United States v. Clark</u>, 541 F.2d 1016 at 1018 (4th Cir. 1976). However, in a case where it was undeniable the accused had used the other name referred to as an alias, on the other end of the spectrum, the 6th Circuit has held that the practice of including an alias in an indictment should be avoided and is strongly disapproved. See <u>United States v. Wilkerson</u>, 456 F.2d 57 (6th Cir. 1972), cert. denied 408 U.S. 926 (1972). Additionally, the 8th Circuit also strongly disapproves of the use of aliases in an indictment as "…it is not a practice which should be encouraged in an ordinary criminal prosecution, but rather one which should be curbed." See <u>Petrolia v. United States</u>, 129 F.2d 101 at 104 (8th Cir. 1942), cert denied, 317 U.S. (1942).

7.

In this case, we submit that the inclusion of the alias "June" is surplusage that is unfairly prejudicial and should be stricken. Federal Rule of Criminal Procedure 7(c)(1) likewise only allows a "plain, concise, and definite written statement of the essential facts containing the offense charged...". This alias clearly is not essential.

8.

There is no real question as to Mr. Cortesiano's identity in this case. The people with whom Mr. Cortesiano allegedly associated are known to each other, were frequent guests

and/or visitors to the location alleged to be the center of alleged racketeering acts my client is accused of committing and presumably those persons can identify him. Anyone not yet identified by the government that has or will purport to identify his voice but don't know Mr. Cortesiano's name, if anyone will do so, are those that cut a deal and will get something in exchange for doing so. If no one can identify my client's voice and if in a phone call he is presumably referred to by an alleged alias, then the admissibility of that evidence would be governed by the Federal Rules of Evidence. We submit it is questionable at best whether such evidence would be allowed. My client will not be claiming he is not Vito Cortesiano, so his identity will not be in question during his trial. While evidence of his aliases may or may not be admissible at trail, it is not relevant to the charge, particularly since there are several circumstances under which admission of evidence of this alias may be improper.

9.

The only reason the government wants to include aliases when presenting the indictment to the jury is to indicate that people who use aliases are inherently untrustworthy and engaged in questionable activities, which we submit is an improper purpose. This is particularly true, again, where there are circumstances in which evidence of this alias, or any other, may not be admitted. Among those are if none of the defendants who have sold their testimony to the government is willing or able to identify my client's voice on a recorded call. In such a case it is clearly a reasonable possibility such alias evidence will not be allowed if it is in the form of general reputation, etc. However, if people in exchange for something of value agree to come in and identify my client as someone whose voice they are familiar with and point him out to the jurors, the alias in the indictment is not essential to guilt or innocence as we then just have a credibility dispute. Therefore, the prohibition of the use of such aliases favored in the U.S. 6th Circuit seems to be the wiser and more correct course to follow.

CONCLUSION

10.

A.  The alias "Vito Love" as it refers to Mr. Cortesiano should be stricken form the indictment prior to reading and presentment to the jury in the above captioned matter.

C.  We submit that oral argument is appropriate as there seems to be inconsistent guidance from the Circuits and undersigned could not find a 2nd Circuit opinion directly on point, other than the general guidance as to broad discretion in striking surplusage. Additionally, the nature of the government's proof and their view of the essential nature of this alias will be at issue.

Respectfully submitted,

S/ J. Patten Brown, III
J. Patten Brown, III
Ct Fed Bar No. ct27633
New York Reg. No. 4607891
Tennessee BPR No. 021970
La. Bar Roll No. 21503
Law Offices of Pat Brown
100 Pearl, 14th Floor
Hartford, CT06103

110 Wall Street, 11th Floor
New York, NY 10005
(212) 709-8295
Fax: (860) 827-8459

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Motion To Strike Alias with Incorporated Memorandum of Law** has been forwarded to al counsel of record via the court's electronic filing system this 28th day of December, 2011.

                                                                 S/J. Patten Brown, III
                                                                 J. Patten Brown, III
                                                                 Attorney at Law